COMMISSIONER OF INTERNAL REVENUE, Respondent
Ruvio v. Commissioner
Docket No. 30471-87.
United States Tax Court
T.C. Memo 1989-195; 1989 Tax Ct. Memo LEXIS 195; 57 T.C.M. (CCH) 254; T.C.M. (RIA) 89195; April 27, 1989. John C. McDougal, for the respondent. RUWE
MEMORANDUM OPINION RUWE, Judge: On July 2, 1987, a jeopardy assessment was made against petitioner for tax years 1984, 1985, and 1986 pursuant to section 6861(a). [1] In a notice of deficiency dated August 31, 1987, respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax [2]
Year
Deficiency
Sec. 6653(b)(1)(A)
Sec. 6653(b)(1)(B)
Sec. 6661
1984
18,553.81
$   9,276.91
$  2,312.59
$  4,638.45
1985
73,144.68
36,572.34
50 percent of
18,286.17
interest due on
$ 73,144.68
1986
314,658.50
235,993.88
3,054.80
78,664.63
Year
Sec. 6654
1984
--
1985
$  4,191.46
1986
15,289.38
*197 Respondent has moved that we dismiss this case for lack of prosecution pursuant to Rule 123(b) and hold petitioner in default under Rule 123(a). Respondent asks that we enter a decision for the deficiencies and additions to tax determined in the notice of deficiency except respondent has conceded the additions to tax for fraud for the tax year ending December 31, 1984. At the time the petition in this case was filed, petitioner resided at the Richmond City Jail in Richmond, Virginia. Pursuant to notice to the parties, this case was set for trial during the Court's January 23, 1989 trial session in Richmond, Virginia. On that date, petitioner failed to appear and respondent filed the motion previously referred to. Petitioner is an Israeli citizen. On or about June 1, 1987, immigration officials in Virginia determined that petitioner was a deportable alien who had failed to keep the immigration service properly informed as to his whereabouts. After locating petitioner, immigration officials held him in the Richmond City Jail pending deportation. In January 1988, after the petition was filed in this case, petitioner was deported. Respondent's correspondence to petitioner *198 at the address on the petition has been returned as undeliverable and petitioner has failed to notify respondent or this Court of his new address. Dismissal of a case is a sanction resting in the discretion of the trial court. . It is well settled that a taxpayer's failure to appear at trial can result in a dismissal of the action against a taxpayer for failure to prosecute properly in actions where a taxpayer seeks the redetermination of a deficiency. ; , affd. without opinion . Petitioner has left this country and has failed to provide either this Court or respondent's counsel with his new address. We can only conclude that petitioner has abandoned his case. Therefore, pursuant to Rule 123(b), we grant respondent's motion to dismiss for lack of prosecution and will enter a decision against petitioner as to the deficiencies and the additions to tax under sections 6654 and 6661. In regard to the additions to tax for fraud, for which respondent *199 has the burden of proof, respondent has moved to hold petitioner in default under Rule 123(a). It is clear to us that petitioner has failed to proceed within the meaning of Rule 123(a). Subsequent to the petition, petitioner has failed to communicate with respondent or the Court. He failed to participate in the preparation of his case and did not appear at trial. Petitioner has in effect abandoned his case and under such circumstances a default decision for fraud is appropriate if the pleadings set forth sufficient facts to support such a judgment. . "Entry of a default judgment has the effect of admitting all well-pleaded facts in respondent's answer, and a default judgment must be supported by respondent's well-pleaded facts." . In , we held that "the Commissioner's pleadings must allege specific facts sufficient to sustain a finding of fraud before he will be entitled to a decision that includes an addition to tax for fraud upon the failure of a taxpayer to appear for trial." In his Answer, respondent *200 denied all substantive allegations of fact and error (other than conceding the 1984 additions to tax for fraud) and affirmatively alleged: 8. FURTHER ANSWERING THE PETITION, and in support of the determination that a part of the underpayment of tax due from petitioner for each of the taxable years 1985 and 1986 was due to fraud, the respondent alleges: a. The petitioner is an Israeli National who entered the United States during 1976 and remained here as an illegal alien during 1985 and 1986. b. During 1985 and 1986, petitioner received income from dealing in firearms and other unknown legal or illegal activities. c. During 1985 and 1986, petitioner failed to maintain complete and accurate books and records of his income providing activities. d. The respondent has determined petitioner's correct taxable income for 1985 and 1986 from documented expenditures for which there is no known non-taxable source. e. During 1985 and 1986, the petitioner made the following expenditures: 1985
Expenditures
Purchase of Vehicles
$  54,800.00
Payment to Individuals:   Sharon Frank
71,608.86
Mailey M. Yates
10,000.00
All Others
3,833.00
Payments to Banks
5,387.26
Miscellaneous Expenses Paid by Check
12,426.13
$ 158,055.25
*201 1986
Payments to Individuals:  Moaz Ruvio
$   7,115.00
Y. Ruvio
2,510.00
Rachel Ruvio
3,510.00
Henry Ekstein
11,300.00
All Others
3,680.00
Wire Transfers
240.000.00
Purchase of Mink Coat
14,000.00
Contribution to Capital of Partnership
40,000.00
Payments of Federal and State Taxes
21,133.00
Checks to Cash or to Elan Ruvio
74,867.49
St. Thomas Condo Purchase
150,000.00
Miscellaneous Expenses
55,628.68
Utilities
10,229.33
Airline Tickets
6,163.00
$ 640,136.50
f. During the years 1985 and 1986, petitioner was entitled to one personal exemption, in the amount of $ 1,040.00 for 1985 and $ 1,080.00 for 1986. g. Based on the above expenditures and personal exemptions, petitioner had taxable income of $ 157,015.25 for 1985 and $ 639,056.30 for 1986. h. The income tax due and payable by the petitioner for 1985 and 1986 was $ 73,144.68 and $ 314,658.50, respectively. i. The petitioner failed to file income tax returns for *202 1985 and 1986 and failed to pay any portion of the income tax liability due from him for said years. j. During 1985 and 1986 and subsequently, petitioner employed numerous aliases, usually consisting of various spellings and transpositions of his first and last names. k. During 1985 and 1986 and subsequently, petitioner conducted certain of his income-producing activities through sham corporations known as Rachel Design, Inc. and Las Vegas on Broad Street, Inc.
l. During 1985 and 1986 and subsequently, petitioner maintained his assets in the names of nominees. m. The petitioner's failure to maintain complete and accurate books and records of ot his income-producing activities for the taxable years 1985 and 1986 was fraudulent, with intent to evade tax. n. The petitioner's failure to file income tax returns and to report his correct taxable income for 1985 and 1986 was fraudulent, with intent to evade tax. o. The petitioner's use of aliases was fraudulent, with intent to evade tax. p. The petitioner's use of sham corporations was fraudulent, with intent to evade tax. q. The petitioner's use of nominees to conceal his ownership of various assets was fraudulent, *203 with intent to evade tax. r. All or part of the underpayment of tax which petitioner was required to show on income tax returns for 1985 and 1986 was due to fraud. Respondent must prove fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). That burden may be met by showing that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. ; . The existence of fraud is a question of fact to be resolved upon consideration of the entire record. ; , affd. without published opinion . Fraud will never be presumed. . Respondent may, however, prove fraud through circumstantial evidence since direct evidence of the taxpayer's intent is rarely available. ; . *204 The taxpayer's entire course of conduct may establish the requisite fraudulent intent. . Respondent, in his Answer, has set forth facts sufficient to sustain a finding of fraud. Petitioner had substantial amounts of income. Petitioner's failure to file income tax returns for two consecutive years is indicative of fraud. , affg. a Memorandum Opinion of this Court. Petitioner also failed to maintain adequate books and records of his income producing activities. This conduct evidences an intent to evade taxes. ;, affd. in part and revd. in part ; . The use of various aliases and nominees to conceal business income also evidences fraud. ;. Based on this record, An appropriate order and decision will be entered. *205 Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. The notice of deficiency indicates that sections 6653(b)(1)(A) and 6653(b)(a)(B) apply to the deficiency determined for 1985. These two sections apply to returns, the due date for which is after December 31, 1986. Pub. L. 99-514, sec. 1503(e), 100 Stat. 2085, 2743. For returns due before December 31, 1986, the additions to tax for fraud are found in sections 6653(b)(1) and 6653(b)(2). Aside from redesignating the sections numbers, the amendments also increased the rate of the basic fraud addition from 50 to 75 percent. Pub. L. 99-514, sec. 1503(a), 100 Stat. 2085, 2742. Although respondent indicates in the notice of deficiency that section 6653(b)(1)(A) applies to the deficiency determined for 1985, we note that the addition to tax under that section was calculated using the appropriate 50 percent rate. These citation errors do not affect the validity of the notice of deficiency since it fulfilled its purpose of providing formal notification that deficiencies in income taxes and additions to tax had been determined. ; .↩